UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER MICHELE DEFRANK,

    Plaintiff,

v.   Case No.:  2:22-cv-663-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

# OPINION AND ORDER

Plaintiff Jennifer Michele DeFrank seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income on July 20, 2020, alleging disability beginning on January 24, 2020. (Tr. 189, 190, 356-69). The applications were denied initially and on reconsideration. (Tr. 189, 190, 243, 244). Plaintiff requested a hearing, and on October 21, 2021, a hearing was held before Administrative Law Judge Raymond Rodgers ("ALJ"). (Tr. 111-136). On November 8, 2021, the ALJ entered a decision finding Plaintiff not under a disability from January 24, 2020, through the date of the decision. (Tr. 72-102).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on July 7, 2022. (Tr. 4-9). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on October 14, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 12).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. (Tr. 74). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 24, 2020, the alleged onset date. (Tr. 74). At step two, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia;

neuropathy; pseudotumor cerebri; migraine headaches; benign intracranial hypertension; degenerative disc disease of the lumbar spine; degenerative changes of the SI joint; osteochondritis of the right ankle; Achilles' tendonitis of the left ankle; and degenerative joint disease of the knees" (Tr. 75). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 79).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to: lift/carry 10 pounds occasionally and 5 pounds frequently; sit for six hours in an eight hour workday; stand and/or walk for two hours in an eight hour workday; no operation of foot controls; cane permitted for ambulation; occasional climbing of ramps or stairs, but no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, and crouching; no crawling; frequent forward, lateral, and overhead reaching; frequent handling and fingering; work environments of moderate noise as defined by SCO noise level III or less; no exposure to extreme bright lights like stage lights, headlights, or bright inspection lights, but normal home and office lighting is acceptable; must avoid concentrated exposure to vibration; and no exposure to hazardous machinery or unprotected heights.

(Tr. 85).

At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a legal secretary and found that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 101). The ALJ concluded that Plaintiff had not been under a disability from January 24, 2020, through the date of the decision. (Tr. 101).

## II.     Analysis

On appeal, Plaintiff challenges whether the RFC determination was supported by substantial evidence because Plaintiff claims the ALJ improperly evaluated the opinions of Dr. Bromson, Dr. Tarras, and Dr. Eskenazi. (Doc. 14, p. 12). The same legal authority applies to all of these opinions.

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1)

supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical

opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

Plaintiff argues that failed to properly consider the supportability of Dr. Bromson's opinions. (Doc 14, p. 14). Plaintiff claims that the ALJ only considered the consistency of his findings and "cherry-picked" the evidence to support the consistency findings.

On July 8, 2019, Dr. Bromson completed a Physical Medical Source Statement. (Tr. 1701-1704). In this Statement, Dr. Bromson found, among other things, that Plaintiff could sit for 5 to 45 minutes, stand 5-20 minutes, and sit or stand/walk for 2-3 hours in a workday. (Tr. 1702). Dr. Bromson also found that Plaintiff would need to: shift positions; take unscheduled breaks; elevate her legs for 80% of the workday; lift 20 lbs. occasionally; lift 10 lbs. or less frequently; never twist, stoop, climb more than 1-2 steps, and climb ladders; and would be off task 25% or more in a workday. (Tr. 1703-1704). In February 2020, Dr. Bromson also

completed the physician's portion of an Application for Disabled Person Parking Permit, which reflected that Plaintiff was permanently disabled and unable to walk 200 feet without stopping to rest, had an inability to walk without an assistive device, and had a severe limitation in the ability to walk due to an arthritic, neurological, or orthopedic condition. (Tr. 1752). Dr. Bromson also completed the physician's portion of a Discharge Application: Total and Permanent Disability for loan forgiveness. (Tr. 378, 1734). In the Application, Dr. Bromson wrote that Plaintiff could stand for 5-20 minutes for a total of 2 hours, sit for 5-45 minutes for a total of 2 hours, and walk every 20-45 minutes. (Tr. 378, 1734).

In the decision, the ALJ found Dr. Bromson's July 2019 opinion that Plaintiff was capable of performing extremely less than sedentary work unpersuasive. (Tr. 98). He first noted that Dr. Bromson's opinion was for the previously adjudicated period and was otherwise generally inconsistent with the objective evidence of record for the relevant period. (Tr. 98). The ALJ also found Dr. Bromson's February 2020 opinions for a permanent handicap permit and July 2020 opinion for the Discharge Application unpersuasive. (Tr. 98). The ALJ determined: "[o]verall, [Dr. Bromson's] opinions are generally inconsistent with the objective evidence of record because the claimant is less limited than opined. For instance, Dr. Bromson generally did not treat the claimant during the relevant period." (Tr. 98). The ALJ then cited many objective findings by other physicians that conflicted with Dr. Bromson's

opinions. He also cited objective testing, such as MRIs and brain imaging that conflicted with Dr. Bromson's opinions of extreme limitations. (Tr. 98-99). The ALJ further cited Plaintiff's "high functioning activities of daily living," such as walking a dog 1 to 2 blocks with a cane, using a pool for exercise, being generally independent with personal care, performing light cleaning, caring for a dog, and driving. (Tr. 99).

While Plaintiff acknowledges that the ALJ conducted an extensive consistency analysis, Plaintiff argues that the ALJ erred by not assessing Dr. Bromson's opinions for supportability. (Doc. 14, p. 15). The Commissioner contends that the ALJ considered the supportability of Dr. Bromson's opinions, but provides no support for this statement. (Doc 19, p. 9-10).

Even though an ALJ need not use any "magic words" when considering supportability and consistency, he still must address those two factors in the decision. *Mercado v. Comm'r of Soc. Sec.*, No. 6:22-CV-287-DCI, 2023 WL 145154, at *5 (M.D. Fla. Jan. 10, 2023). While the ALJ thoroughly considered the consistency of Dr. Bromson's opinions, the ALJ failed to address the supportability of Dr. Bromson's opinions, which conflicts with the Regulations. (Tr. 98-99); 20 C.F.R. § 404.1520c(b)(2), 20 C.F.R. § 416.920c(b)(2) ("The factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior

administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."). The ALJ did not consider or discuss whether the objective medical evidence and supporting explanations of Dr. Bromson support his medical opinion. *See* 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). And while the ALJ extensively discussed the consistency of Dr. Bromson's opinions with medical and other evidence, he failed to conduct a supportability analysis. Substantial evidence does not support the ALJ's finding about Dr. Bromson's opinions and so remand is warranted.

Plaintiff also argues that the ALJ's consistency analysis was flawed because he "cherry-picked" the medical findings. (Doc. 14, p. 16). Because the decision is remanded on other grounds that require the Commissioner to reconsider Dr. Bromson's opinions, on remand, the Commissioner will reconsider the consistency assessment as well.

Plaintiff raises similar arguments about Seth Tarras, M.D.'s opinion and Mark Eskenazi, M.D. opinions. Because this matter is remanded to reconsider Dr. Bromson's opinions, the Commissioner will also reconsider the opinions of Dr. Tarras and Dr. Eskenazi.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the opinions of Dr. Bromson, Dr. Tarras, and Dr. Eskenazi, to reconsider the medical and other evidence of record, and to reassess Plaintiff's RFC. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 15, 2023.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties